UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH R. HOLBERG,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF OKANOGAN, JUDGE JACK BURCHARD, ATTORNEY ANTHONY CASTELDA and JOY A HOLBERG-RUSTAN,<br><br>　　　　　　Defendants. | NO.  CV-10-5095-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE |

　　　By Order filed October 27, 2010, the court advised Mr. Holberg of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days.  The court has twice granted Plaintiff extensions of time to comply with that Order.  He has not done so.

　　　Plaintiff, a prisoner at the Coyote Ridge Correction Center, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.  In his complaint, Mr. Holberg sought injunctive and declaratory relief for due process violations which allegedly occurred during the course of marriage dissolution proceedings initiated by his former spouse.

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE -- 1

Plaintiff's claims against his former spouse and her attorney must be dismissed as private individuals are not "persons acting under color of state law" for purposes of 42 U.S.C. § 1983. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff also failed to adequately allege the County of Okanogan engaged in a pattern or practice that resulted in the deprivation of his constitutional rights. *Gobel v. Maricopa County*, 867 F.2d 1201, 1206 (9th Cir. 1989), (*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 690-94 (1978)).

Finally, Plaintiff failed to allege any facts which would lower the shield of absolute judicial immunity in his claims against Defendant Judge Burchard. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Accordingly, **IT IS RECOMMENDED** Plaintiff's Complaint be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **IT IS FURTHER RECOMMENDED** such dismissal count as one under 28 U.S. C. § 1915(g).

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds additional time after certain kinds of

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE -- 2

service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff, and SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.

DATED April 11, 2011.


                     S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE -- 3